UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SPRINT SOLUTIONS, INC. a Delaware corporation, and SPRINT COMMUNICATIONS COMPANY L.P. a Delaware limited partnership,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS BREWER,<br><br>Defendant. | Case No. 16-cv-01071-YGR<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT THOMAS BREWER**<br>PURSUANT TO STIPULATION, AS MODIFIED BY THE COURT |

Plaintiffs Sprint Solutions, Inc. and Sprint Communications Company L.P. (collectively, "Sprint" or "Plaintiffs") brought the above-captioned lawsuit against Defendant Thomas Brewer ("Defendant") because Defendant is engaged in an unlawful enterprise involving the unauthorized and deceptive bulk purchase and resale of specially-manufactured wireless telephones designed for use on Sprint's wireless service, including the Sprint iPhone (collectively, "Sprint Phones" or "Sprint Handsets" or "Phones" or "Handsets"), the theft of Sprint's substantial financial investment in the Phones, the unlawful unlocking of Sprint Phones, the unlawful access of Sprint's protected computer systems and wireless network, the trafficking of Sprint's protected and confidential computer passwords, and the willful infringement of Sprint's trademarks (collectively, the "Bulk Handset Trafficking Scheme" or the "Scheme").

Sprint Phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of the Phones and prohibit accessing Sprint's network for illegal or harmful use. These Terms and Conditions are set forth in printed inserts that are packaged with each Phone and posted on Sprint's website. Pursuant to the Terms and Conditions of Sprint Phones, purchasers agree, among other things: (a) to pay the applicable service charges and other related fees; (b) to activate the Sprint Phones on the Sprint CDMA network; (c)

not to resell the Sprint Phones and related products and services; (d) not to use the Phones for a purpose that could damage or adversely affect Sprint; (e) not to engage in fraudulent conduct, falsification or impersonation; and (f) not to hack into Sprint's computer systems.

Further, as an employee for an authorized Sprint reseller, Defendant was tasked with, *inter alia*, soliciting customers to subscribe to Sprint services and selling Sprint Phones to those customers when they subscribed to Sprint's wireless service or renewed their wireless services with Sprint. Instead of soliciting customers to subscribe to Sprint services, Defendant unlawfully procured brand new Sprint Phones and then resold them, without subscriptions to Sprint's wireless service.

Sprint has asserted claims against Defendant for breach of contract, unfair competition, tortious interference with business relationships and prospective advantage, civil conspiracy, unjust enrichment, common law fraud and fraudulent misrepresentation, federal trademark infringement under 15 U.S.C. § 1114, federal common law trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B), contributory trademark infringement, conversion, trafficking in computer passwords under 18 U.S.C. § 1030(a)(6), unauthorized access under 18 U.S.C. § 1030(a)(5)(C), and unauthorized access with intent to defraud under 18 U.S.C. § 1030(a)(4). Based upon the stipulation of the parties filed March 9, 2016 (Dkt. No. 11) ~~Based on the sworn testimony provided by the Defendant, the respective positions advocated by the parties~~, and having reviewed the Complaint ~~and file and being otherwise duly and fully advised in the premises~~, it is hereby:

**ORDERED**, **ADJUDGED** and **DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in Sprint's Complaint.

2. Sprint has the right to use and enforce rights in the standard character Sprint® mark and stylized Sprint® Virgin Mobile, payLo, Assurance Wireless and Boost Mobile trademarks (collectively, the "Sprint Marks"), as depicted below:



  

Sprint uses the Sprint Marks on and in connection with its telecommunications products and services. The Sprint Marks are valid, distinctive, protectable, famous, have acquired secondary meaning, and are associated exclusively with Sprint.

3. The Court finds that the Terms and Conditions and the language in and on the packaging constitute a valid and binding contract enforceable between Sprint and each of its customers. The Court finds the Terms and Conditions set forth certain rights and restrictions on the use of Sprint Phones. Among other things, the Terms and Conditions: (a) require that the customer pay applicable service charges and other related fees; (b) indicate that the Phone is designed to be activated on the Sprint CDMA network; (c) prohibit resale of Sprint Phones and related products and services; (d) not to use the Phones for a purpose that could damage or adversely affect Sprint; (e) not to engage in fraudulent conduct, falsification or impersonation; and (f) not to hack into Sprint's computer systems.

4. The Court finds that Defendant agreed to be bound by the Terms and Conditions and breached his contract with Sprint.

5. The Court finds that Defendant tortiously interfered with Sprint's business relationships with its customers, namely, Fremont Fence Inc., Markus Supply – Ace Hardware, Eastwood Apartments, BSR Realty Inc., Genova Delicatessen, Teal Holdings LLC, Applied Air Filters, A and K Auto Body Filters, and Servin Co Fence Gate & Steele Fabricators. These customers were completely unaware of Defendant's use of their accounts to procure brand new Sprint Phones. Defendant attempted to hide his unlawful and fraudulent conduct by having the brand new Sprint Phones shipped to his house and requested that Sprint direct all communications regarding the various fraudulent orders to his personal email address. On a few occasions, the Sprint Phones were actually shipped to the legitimate Sprint customer. When that occurred, the customer would contact Defendant, believing him to be a legitimate Sprint agent, and Defendant would tell the

customer that the phones were mistakenly shipped to the customer and Defendant would arrange to pick up the Sprint Phones from the customer. In actuality, the customer was billed for those brand new Sprint Phones.

6. The Court finds that Defendant used the aforementioned accounts to unlawfully place 60 orders for 376 brand new subsidized Sprint Phones with a total equipment value of $225,436.00.

7. The Court finds that these 376 brand new subsidized Sprint Phones that were unlawfully obtained and resold by Defendant are materially different than those sold by Sprint. For instance, the warranty information is removed, which invalidates the warranty in its entirety. Furthermore, Defendant removed the Sprint Phones from the original packaging so that the Phones are sold in packaging that is not approved by Sprint's quality controls. These materially different products that contain the Sprint Marks confuse consumers and erode consumer goodwill toward the Sprint Marks. Accordingly, by reselling the Sprint Phones in this manner, the Court finds that Defendant engaged in willful trademark infringement.

8. The 376 fraudulently obtained, infringing Sprint Phones have the following electronic serial numbers ("ESN")[1]:  : 089610778206834072, 089609575007435832, 089610778206821257, 089609831006775910, 089610778206886673, 089610675806624584, 089610778206699334, 089609523807366533, 089609831006849142, 089610778206713698, 256691515304609555, 256691515207562537, 256691515304609544, 256691515304609433, 256691515207602257, 256691515304559378, 256691515304609840, 256691515207602272, 256691515304559241, 256691515207602293, 256691515304609937, 256691515207562533, 256691515304559385, 256691515304653449, 256691515304559253, 256691515304609417, 256691515304559257, 256691515304609401, 256691515304559251, 256691515304608787, 256691515304559254, 256691515304559125, 256691515304610088, 256691515207602261, 256691515304609811, 256691515207602304, 256691515304609830, 256691515304559380, 256691515304626000, 256691515304609554, 256691515304559460, 256691515304559648, 256691515304559689,

---

[1] An electronic serial number or ESN is a numeric identifier that uniquely identifies a Sprint Phone.

| | | | | |
|---|---|---|---|---|
| 1 | 256691515206375429, | 256691515206375441, | 256691515206375432, | 256691515206390610, |
| 2 | 256691515206375320, | 256691515206374274, | 256691515206375443, | 256691515206386209, |
| 3 | 256691515206386181, | 256691515206386210, | 256691515206309380, | 256691515206308760, |
| 4 | 256691515206363513, | 256691515206452599, | 256691515206390631, | 256691515206452612, |
| 5 | 256691515206386744, | 256691515206386242, | 256691515206362902, | 256691515206308678, |
| 6 | 256691517505457731, | 256691517505477384, | 256691517505457736, | 256691517505457745, |
| 7 | 256691517505453426, | 256691515304609910, | 256691515304610437, | 256691515304609912, |
| 8 | 256691515207566185, | 256691515207566409, | 256691515304600082, | 256691515304609890, |
| 9 | 256691515304599944, | 256691515304600119, | 256691515304609924, | 256691517500031016, |
| 10 | 256691517500018192, | 256691517500030982, | 256691517500031028, | 256691517500018177, |
| 11 | 256691517500031063, | 256691517500018193, | 256691517500018181, | 256691517500031017, |
| 12 | 256691517500018180, | 256691517505539937, | 256691517505539888, | 256691517505535013, |
| 13 | 256691517505544276, | 256691517505542166, | 256691515207567381, | 256691515304539716, |
| 14 | 256691515304657942, | 256691515304539785, | 256691515304657939, | 256691515304540532, |
| 15 | 256691515304657943, | 256691515304539732, | 256691515304539904, | 256691515304670101, |
| 16 | 256691517502704962, | 256691517503147574, | 256691517503147576, | 256691517503163456, |
| 17 | 256691517503163504, | 256691517503163526, | 256691517503146752, | 256691517503147570, |
| 18 | 256691517503147637, | 256691517503147639, | 256691517503150710, | 256691517503149971, |
| 19 | 256691517503150100, | 256691517505584945, | 256691517505584952, | 256691517505584149, |
| 20 | 256691517505584265, | 256691517505584257, | 256691517503289401, | 256691517503287433, |
| 21 | 256691518402196608, | 256691518402196627, | 256691518402196633, | 256691518402196736, |
| 22 | 256691518402196738, | 256691518402200865, | 256691518402200867, | 256691518402630406, |
| 23 | 256691518402630425, | 256691518402630499, | 256691518402630514, | 256691518402630754, |
| 24 | 256691518402595202, | 256691518402630518, | 256691518402630745, | 256691518402630774, |
| 25 | 256691518402630800, | 256691514305657462, | 256691514305650211, | 256691514305657416, |
| 26 | 256691514305657476, | 256691514305649669, | 256691514305657449, | 256691514305657448, |
| 27 | 256691514305657440, | 256691514305657424, | 256691514305657474, | 256691518409015377, |
| 28 | | | | |

FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT THOMAS BREWER

| | |
|---|---|
| 1 | 256691518409509256,   256691518409509251,   256691518409509250,   256691518409509255, |
| 2 | 256691518409015395,   256691518409015399,   256691518409015415,   256691518409015416, |
| 3 | 256691518409509252,   256691518409013505,   256691518409013540,   256691518409012624, |
| 4 | 256691518409013396,   256691518409013401,   256691518409013399,   256691518409013577, |
| 5 | 256691518409013634,   256691518409013636,   256691518409013641,   256691518704671120, |
| 6 | 256691518704588912,   256691518704671091,   256691518704671111,   256691518704589352, |
| 7 | 256691518704671240,   256691518704556641,   256691518704405543,   256691518704405074, |
| 8 | 256691518704405041,   256691518704405028,   256691518704404768,   256691518704425843, |
| 9 | 256691518704408067,   256691518704407924,   256691518704407906,   256691518704407889, |
| 10 | 256691466105314450,   256691466105538432,   256691466105597201,   256691466105444963, |
| 11 | 256691466105601622,   256691466105404930,   089609472607550774,   089610650207734358, |
| 12 | 089610419808463733,   089609626207750792,   089609575008389158,   089610727008524121, |
| 13 | 089609549408411542,   089610419808463761,   089609626207751191,   089610419808414464, |
| 14 | 089610394207766405,   089609472607542129,   089610419808427649,   089609626207764115, |
| 15 | 089609472607542353,   089366272605788456,   089361383008395123,   256691496900353657, |
| 16 | 256691496900353878,   256691496900066080,   256691496900066146,   256691496900038808, |
| 17 | 256691496900020870,   256691466104359430,   256691466106826054,   256691466103772485, |
| 18 | 256691466107562857,   256691466104362790,   256691466104359426,   256691466107484754, |
| 19 | 256691466107354753,   256691466103686706,   256691466105665540,   256691466105636865, |
| 20 | 256691466104686614,   256691466105865792,   256691466106853459,   256691466106881649, |
| 21 | 256691466107537300,   256691466106826352,   256691466106882632,   256691466106513527, |
| 22 | 256691466106489929,   256691466106436646,   256691466107354003,   256691466107570817, |
| 23 | 256691507400139379,   256691496900553028,   256691496900553113,   256691496900493204, |
| 24 | 256691496900299831,   256691496900283494,   256691496900231705,   256691466105452816, |
| 25 | 256691466105715462,   256691496900602950,   089267098101269872,   256691466109836403, |
| 26 | 256691466509720374,   256691466110044450,   256691515202631945,   256691466105667173, |
| 27 | 256691466106330729,   256691496900201353,   256691496900233507,   256691496900017989, |
| 28 | |

6

FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT THOMAS BREWER

1  256691496900352384, 256691515207536664, 256691515304814113, 256691515206891095,
2  256691515304805783, 256691515207358066, 256691507300410935, 256691507600099074,
3  256691507300410921, 256691515406902567, 256691515406326374, 256691515406358933,
4  256691515205374360, 089128986206496309, 256691515206627922, 256691515405653861,
5  256691515405653847, 256691515206439030, 256691515206694231, 256691515206715463,
6  256691515206715528, 256691515206439280, 256691515206439257, 256691515206694677,
7  256691515206715473, 256691515206438983, 256691515206431281, 256691515406693681,
8  256691515406693633, 256691515406562146, 256691515406693669, 256691515406693652,
9  256691517407476865, 256691517407476883, 256691517407476887, 256691517407477017,
10 256691517407476856, 089792538109644327, 089792538109527348, 089792538109540660,
11 089792538109458292, 089792538109603350, 089878528606324339, 089878528606297220,
12 089877786202495603, 089877811802499430, 089877786202499331, 089877888602692649,
13 089877786202589831, 089877811801591321, 089877939801577509, 089877939801577366,
14 089877811801478996, 089877811801657174, 089877837401409590, 089877863001655430,
15 089877863001540914, 089877863001413411, 089877863001651842, 089877837401396788,
16 089779866209525584, 089877863001471872, 089877863001406547, 089877914207833974,
17 089877786207407641, 089877914207873138, 089877786207419458, 089877786207419431,
18 089877914207873107, 089877914207833653, 089877786207575873, 089877786207575637,
19 089877786207435920, 089877709406899592, 089877786207407969, 089877786207436119,
20 089877914207820631, 089877914207872916, 089877735005251095, 089877735005402998,
21 089877760605338710, 089877863009642263, 089877863009655186, 089877888609713012,
22 089877863009598505, and 089877811809008248.

23      9.   The Court finds that Defendant was engaged in a conspiracy with all subsequent purchasers of these 376 Sprint Phones as there is no legitimate way for any of these subsequent purchasers to obtain brand new subsidized Sprint Phones without executing and fulfilling the terms of a Sprint wireless service contract.

7

10. The Court finds that the totality of Defendant's conduct constitutes unfair competition, tortious interference with business relationships and prospective advantage, civil conspiracy, unjust enrichment, common law fraud and fraudulent misrepresentation, federal trademark infringement under 15 U.S.C. § 1114, federal common law trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B), contributory trademark infringement, conversion, breach of contract, and violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq.

11. Sprint has suffered damages, including loss of goodwill and damage to its reputation, as a result of Defendant's conduct. On review and consideration of all relevant factors, Sprint is entitled to damages and injunctive relief on the claims as set forth in the Complaint.

12. For each new Sprint Phone that Sprint sells, its investment and expected revenue from the Phone averages $1,919. When a new Sprint Phone is unlawfully trafficked by Defendant and his co-conspirators, Sprint loses its investment and does not receive the expected revenue, which reduces its profits and increases Sprint's costs. Sprint's damages resulting from Defendant's acquisition and resale of new Sprint Phones add up to at least: $1,919 x 376 Sprint Phones = $721,544.00. In light of Defendant's willful violations of the Lanham Act, and because Sprint's damages uncovered by its investigation are modest compared to the likely damage caused by Defendant, the Court will treble these damages to $2,164,632.00.

13. Final judgment is hereby entered against Defendant Thomas Brewer, and in favor of the Plaintiffs, on all of the claims set forth in Plaintiffs' Complaint in the principal amount of Two Million, One Hundred and Sixty-Four Thousand, Six Hundred and Thirty-Two Dollars and Zero Cents ($2,164,632.00 (U.S.)), which shall bear interest at the legal rate, for which let execution issue forthwith.

14. For all Sprint brands, now and in the future, including but not limited to Sprint, Sprint Prepaid, Boost Mobile, Virgin Mobile, PayLo and Assurance Wireless, Defendant and all of his past and present agents, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for Defendant or on Defendant's behalf, including,

but not limited to, any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with Defendant or Defendant's representatives, agents, assigns, parent entities, employees, independent contractors, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendant who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

    a.    acquiring, purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any new Sprint Phones;

    b.    accessing, directly or indirectly through a third-party, any websites, computers, software programs or any other location or application, for the purpose of checking, verifying, changing, modifying, cleaning or clearing an electronic serial number, mobile equipment identifier (MEID), International Mobile Station Equipment Identity (IMEI) or any other unique identifier for a mobile device (collectively, "ESN check");

    c.    supplying Sprint Phones to or facilitating or in any way assisting other persons or entities who Defendant knows or should know are engaged in the purchase or sale of Sprint Phones or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in Sprint Phones;

    d.    acquiring, advertising or reselling Sprint services;

    e.    engaging in any of the conduct described in the Complaint as the "Bulk Handset Theft and Trafficking Scheme;"

    f.    communicating with Sprint or its representatives or Sprint customers for or in connection with Sprint products or services;

    g.    accessing Sprint's computer networks either directly or through a Sprint representative or customer or a third-party;

    h.    supplying Sprint Phones to or facilitating or in any way assisting other persons or entities who Defendant knows or should know are engaged in any of the acts

prohibited under this Permanent Injunction, including, without limitation, the buying and/or selling of Sprint Phones;

      i.    knowingly using the Sprint Marks or any other trademark, service mark, trade name and/or trade dress owned or used by Sprint now or in the future, or that is likely to cause confusion with Sprint's Marks, without Sprint's prior written authorization;

      j.    holding himself out as being associated with, employed by or on behalf of, or acting as an agent, representative or authorized partner of Sprint; and

      k.    advertising any products or services that have any purported connection to Sprint or any of Sprint's affiliates.

15. The last known address of Defendant Thomas Brewer is 20885 Redwood Road, #312, Castro Valley, California 94546.

16. Defendant waives any and all rights to challenge the validity of this Final Judgment in this Court or in any other court, and specifically waives his right of appeal from the entry of this Final Judgment.

17. The purchase, sale or shipment of any Sprint Phones or engaging in any ESN checks without Sprint's prior written consent within and/or outside of the continental United States is and shall be deemed a presumptive violation of this Permanent Injunction.

18. The Court retains jurisdiction over this matter and the parties to this action to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to Plaintiffs in an amount of $5,000 for each ESN check conducted and/or every new Sprint Phone that Defendant is found to have acquired, purchased, sold and/or unlocked in violation of this Injunction for a period of one year from entry of judgment. The Court finds that these amounts are compensatory and will serve to compensate Sprint for its losses in the event Defendant violates the terms of this Order.

19. The Court hereby finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and orders that Judgment shall be entered against Defendant as set forth herein.

DONE AND ORDERED this 11th day of ____March____, 2016.

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

Copies furnished to:

All Parties and Counsel of Record

11
FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT THOMAS BREWER